BRADY, Justice:
On February 4, 1963, Dr. W. W. Strange sold to the appellant, R. C. Spencer, a standing tract of approximately 125,000 feet of timber situated on a certain tract of land for $1,000. Dr. Strange prepared and delivered to appellant a form warranty deed wherein the word “warrant” had been marked out and the word “timber” substituted therefor, and it contained the following language:
(1) “(T)hat the said party of the first part shall forever warrant and defend the title to the said premises unto the party of the second part, his heirs and assigns, against the claim of all persons lawfully claiming the same, or any part thereof * *
(2) “Grantee shall have twelve months to cut and remove the timber * *
Appellant did not record the timber deed and thereafter appellant, Spencer, entered upon the lands and cut approximately 75,000 feet of timber but, because of bad weather conditions, in April he discontinued cutting.
On or about July,25, 1963,. Dr. Strange conveyed the lands described in the timber deed to appellee, Bill Enis. There was no reservation of the timber already sold to the appellant; however, Dr. Strange notified Enis personally that Spencer had a timber deed and that about 50,000 feet of timber remained to be cut by Spencer. On September 6, 1963, Enis conveyed the same lands by warranty deed to appellees, Norman Fulper, Jr., et ux., Eileen T. Fulper, without reserving or excepting the timber rights.
In November 1963, within the twelve months allowed for the removal of the timber, appellant attempted to go upon the lands to cut the remaining standing timber, but Spencer was barred from coming on the land by Fulper. Prior to the expiration of the twelve month period covered in the deed, appellant, Spencer, brings this action against Dr. Strange, Bill Enis and Norman Fulper and his wife, Eileen T. Fulper, asking for right to enter the land and to cut the remainder of the timber or, in the alternative, for a money judgment for the total fair market value of standing timber remaining, estimated to be twenty dollars per thousand for the 50,000 feet still standing.
*880 The Chancery Court of Prentiss County entered its order denying any relief to Spencer, either to cut the timber or to a money judgment. From this judgment, Spencer perfects this appeal.
Numerous assignments of error are urged, hut these assignments can he combined into three: One, that the Chancery Court of Prentiss County erred in dismissing said action as to Bill Enis; two, the court erred in failing to allow the appellant the right to cut the remaining timber; and three, the court erred in failing to give the money judgment in favor of the appellant.
The court rendered a very lucid opinion and entered its decree based thereon. The learned chancellor held that Dr. W. W. Strange, one of the defendants, at the time he sold the land described in the pleadings fully advised Enis of an outstanding timber deed which he had given to Spencer and that no liability against Dr. Strange had been established. The court held that when Bill Enis executed a warranty deed to Norman Fulper and his wife, by which deed he conveyed the lands described in the original deed, he gave no notice of the timber deed to them. The said Norman Fulper and his wife became innocent purchasers without notice of the timber deed; the timber deed was never recorded, and the Fulpers had no notice of such deed until they had purchased the land; the court held further that the said Norman Fulper and wife acquired all rights and all timber on the land at the time they purchased it, and that the complainant was not entitled to recover anything from them.
 The record discloses that no relief was sought against Enis and when motion was made that the cause be dismissed insofar as Enis was concerned, the complainants did not resist it, and therefore the motion was properly sustained. The chancellor correctly found that the plaintiff should be and is denied any relief against the defendant, Dr. W. W. Strange, because of the fact he fully advised his grantee, Enis, of the outstanding timber deed.
Relief was properly denied against Norman Fulper and his wife by reason of the fact that they were innocent purchasers for value without notice of the timber deed. See Miss.Code Ann. § 867 (1956). Appellant should have recorded his timber deed.
For the above reasons, we hold that the chancellor was correct in his opinion and, therefore, the decree of the lower court is hereby affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, JONES and ROBERTSON, JJ., concur.